IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN GORMLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NIKE USA, INC., *et al.*<br><br>Defendant.<br>_____/ | No. C 11-893 SI<br>Consolidated cases: C 11-1588 SI and C 11-2451 SI<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM FOR *CY PRES* RECOVERY** |

Defendants' motion to dismiss plaintiff Hartman's request for *cy pres* recovery is scheduled for a hearing on October 7, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the following reasons, the Court DENIES defendants' motion.

**BACKGROUND**

Plaintiffs in these consolidated cases have brought class actions on behalf of themselves and a class of consumers, alleging that defendants Nike USA Inc. and Nike Retail Services, Inc. ("Nike") "are engaging in a pattern of unlawful and deceptive business practices by utilizing an 'Information Capture Policy' whereby Defendants' cashiers both request and record personal identification information, in the form of zip codes, and credit card numbers from customers using credit cards at the point-of-sale in Defendants' retail establishments." *Hartman* Compl. ¶ 2. Plaintiffs allege that defendants use the zip codes and additional information obtained from customers' credit cards, including names and credit card numbers, to obtain customers' home addresses. *Id.* ¶ 3. Plaintiffs allege that defendants' policy

1  violates California Civil Code § 1747.08.

2  Hartman's complaint requests, *inter alia*, "an award to Plaintiff and to each member of the Class
3  the civil penalty to which he or she is entitled" under section 1747.08(e), and "distribution of any
4  moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or *cy pres*
5  recovery where necessary to prevent Defendant from retaining the benefits of their wrongful conduct."
6  *Hartman* Compl. at Prayer for Relief ¶¶ 2-3.

## DISCUSSION

Defendants have moved to dismiss plaintiffs' "claim" for *cy pres* recovery on the ground that Section 1747.08(e) limits a plaintiff's relief solely to statutory penalties. Plaintiffs counter that the prayer for *cy pres* distribution is not a separate form of "damages" sought, but rather that it is merely a method of distributing awards in a class action when a court finds it "essential to ensure that the policies of disgorgement or deterrence are realized." *State of California v. Levi Strauss & Co.*, 41 Cal. 3d 460, 472 (1986).

Defendants primarily rely on *Haug v. Petsmart, Inc.*, No. 2:10-cv-00990-MCE-KJM, 2010 WL 2925069 (E.D. Cal. July 23, 2010), in which the court struck a claim for "*cy pres* damages" as unauthorized under Section 1747.08. *Id*. at *1. In contrast, plaintiffs have submitted a recent decision by Judge White of this district in which he denied the defendants' motion to dismiss a request for *cy pres* distribution in a case alleging violations of Section 1747.08. *Davis v. Cole Haan, Inc.*, C 11-1826 JSW (Docket No. 37, Ex. A). In denying the defendants' motion to dismiss, Judge White stated, "The Court need not determine at this time whether distribution of any unclaimed statutory damages to the purported class through *cy pres* would be appropriate. The issue of *cy pres* distribution is premature until a class is certified, damages are awarded, *and* there are funds that remain unclaimed." *Id*. at 2:20-23 (emphasis in original) (citing *Rodrgriguez v. West Publ'g Corp*., 563 F.3d 948, 966 (9th Cir. 2009) (finding *cy pres* distribution "becomes ripe only if the entire settlement fund is not distributed to class members" and declining to determine propriety of *cy pres* at that time)). Judge White also disagreed

with *Haug*'s characterization of *cy pres* funds as damages, finding instead that they are a form of distribution of damages. *Id*. at 2 n.1.

The Court agrees with Judge White's analysis in *Davis*, and finds that the request for *cy pres* distribution is not properly characterized as a claim for recovery, but rather a method of distribution. The Court also agrees with Judge White that the issue is not yet ripe, and that defendants may challenge the use of *cy pres* distribution if and when this issue becomes ripe. Accordingly, the Court DENIES defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion to dismiss. Docket No. 34.

**IT IS SO ORDERED.**

Dated: October 5, 2011

SUSAN ILLSTON
United States District Judge

3