IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN GORMLEY, *et al.*, | Consolidated Case No. C 11-893 SI |
| Plaintiffs, | **ORDER RE: DISCOVERY** |
| v. | |
| NIKE INC., *et al.*, | |
| Defendants. / | |

On May 11, 2012, the parties filed a joint letter regarding a number of discovery disputes. The parties have since informed the Court that only one of those disputes remains outstanding, specifically whether defendants are required to produce "All agreements in existence during the period from February 24, 2010 to the present, between YOU and any third party vendors retained to process (including reverse appending) PERSONAL IDENTIFICATION INFORMATION obtained from YOUR customers." Plaintiffs' Request for Production No. 4.

Plaintiffs contend that these agreements are discoverable because "who this third party is, how and when each customer's information is or has been used or processed by it, and how it and Nike profit from it are all matters which will aid this Court in determining the nature, scope and definition of any class or subclass(es) to be certified, as well as the magnitude of any penalties assessed." Docket No. 59 at 3. Defendants object to production on the grounds that the agreement has been deemed confidential by Nike and the third party vendor, and that the underlying contract is irrelevant because it "focuses on defining the legal relationship between the contracting parties without providing any detailed explanation as to how the ZIP codes Nike collected from its credit card customers were recorded, stored, or used in any way." *Id*. Defendants assert that "to the extent the agreement relates

to relevant issues in this case, it does so only at a high level while also touching on several other issues that are plainly not relevant." *Id.*

The Court concludes that the third party vendor agreements are discoverable, and that confidentiality concerns can be addressed by the parties' protective order. Plaintiffs allege that Nike unlawfully requested and recorded ZIP codes at the point of sale during credit card purchase transactions for marketing purposes, and Nike's agreements with third party vendors retained to process the ZIP code information are potentially relevant – if only at a "high level" – to plaintiffs' claims. Accordingly, the Court GRANTS plaintiffs' motion to compel production of the agreements. Defendants shall produce the agreements, pursuant to the protective order if necessary, by **August 3, 2012**.

This order resolves Docket No. 59.

**IT IS SO ORDERED.**

Dated: July 25, 2012

SUSAN ILLSTON
United States District Judge