IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN GORMLEY, *et al.*, | Consolidated Case No. C 11-893 SI |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR CLASS CERTIFICATION** |
| v. | |
| NIKE INC., *et al.*, | |
| Defendants. | |

Plaintiffs have filed a motion for leave to file a motion for reconsideration of the Order Denying Plaintiffs' Motion for Class Certification. Plaintiffs contend that the California Supreme Court's decision in *Apple Inc. v. Superior Court*, 2013 WL 406586 (Feb. 4, 2013), "is substantial evidence that the California Supreme Court would preserve its previous interpretation of the statute [in *Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal.4th 524, 527 (2011)] and ultimately hold that the judicially-created 'consumer perception test' applied by this Court in ruling on the Motion contradicts the clear language of the statute that would cause the broad and robust privacy protections afforded to consumers to be 'relegated to the dust heap.'" Docket No. 111 at 1:21-25.

The Court has reviewed the *Apple* decision and finds that it does not provide a basis for reconsideration of the class certification order. *Apple* addressed the applicability of California Civil Code Section 1747.08 to downloadable products purchased online, and the Supreme Court did not consider the objective consumer perception standard which was applied by this Court (based upon California Court of Appeal case law) in the class certification order. Moreover, plaintiffs relied heavily on *Pineda* in the class certification briefing, and the order denying certification explained why the Court found plaintiffs' reliance on *Pineda* misplaced. *See* Docket No. 108 at 9:16-21 ("Plaintiffs also rely on

the California Supreme Court's statement in *Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal. 4th 524, 527 (2011), that 'requesting and recording a cardholder's ZIP code, without more, violates [the Song-Beverly Act].' However, *Pineda* did not address whether the statute prohibits any 'request' for personal information in conjunction with a credit card payment. Instead, *Pineda* only decided the question of whether ZIP codes constituted 'personal identification information' within the meaning of the statute.").

Accordingly, the Court concludes that the cases upon which this Court relied in the class certification order remain good law, and the Court DENIES plaintiffs' motion. Docket No. 111.

**IT IS SO ORDERED.**

Dated: February 15, 2013

SUSAN ILLSTON
United States District Judge