IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN GORMLEY, *et. al.*, | Consolidated Case No. C 11-893 SI |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION** |
| v. | |
| NIKE INC., *et al.* | |
| Defendants. | |

Defendants' motion for summary judgment is scheduled for a hearing on May 10, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES defendants' motion for summary judgment.

**BACKGROUND**

The three plaintiffs in these consolidated cases brought a putative class action on behalf of themselves and a class of consumers, alleging that defendants Nike, Inc., Nike USA, Inc. and Nike Retail Services, Inc. ("Nike") violated the Song-Beverly Credit Card Act of 1971, Cal. Civ. Code § 1747 *et seq.*, by requiring cashiers to request and record customers' ZIP codes when customers paid for merchandise with a credit card. Consolidated Compl. ¶¶ 2, 13. In the Order Denying Plaintiffs' Motion for Class Certification, the Court held that the Song-Beverly Act prohibits merchants from requesting

personal identification information, such as ZIP codes, as a condition precedent to accepting payment by a credit card, but that the statute is not violated if a customer provides such information voluntarily for a purpose unrelated to processing the credit card transaction. Docket No. 108 at 9:4-12. The Court also held that the court applies an objective test to determine whether a retailer's request for personal identification information would be perceived as a condition of credit card payment. The Court denied the plaintiffs' motion for class certification on the ground that the named plaintiffs were not typical of the class they sought to represent. *Id*. at 1:17-19.

**DISCUSSION**

Defendants move for summary judgment on the named plaintiffs' claims, contending that the "irrefutable evidence establishes that, under Nike's policies and procedures, a credit card customer could not have reasonably perceived Nike's request for a ZIP code as a condition to completing a [credit card] transaction." Motion at 1:14-16. Defendants have submitted the technical specifications for the point-of-sale ("POS") software system used by Nike cashiers, declarations of eight Nike sales managers and store employees about the training provided to sales associates and their observations of credit card transactions in their stores, and evidence regarding signs posted in Nike's stores.[1] Defendants contend that this evidence shows that Nike's policies and procedures ensured that any request for zip codes occurred only after the transaction was completed and the cashier had given the customer the receipt and merchandise. Defendants also argue that even if plaintiffs could point to a disputed material fact as to when a Nike sales associate requested their ZIP codes, Nike would be entitled to summary judgment under the "bona fide error" defense under the Act's safe harbor provision, Cal. Civ. Code § 1747.08(e). That section states:

> [N]o civil penalty shall be assessed for a violation of this section if the defendant shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error made notwithstanding the defendant's maintenance of procedures reasonably adopted to avoid that error.

Cal. Civ. Code § 1747.08(e).

---

[1] The signs stated, "Nike will ask for your ZIP code during all purchases and returns. This information is used for marketing and consumer research only. Providing your zip code is voluntary and not required to complete your transaction. Under the specific terms for our posted return policy, additional information will be required when processing a return."

2

In response, plaintiffs continue to maintain that consumer perception is irrelevant to a determination of liability under the Act, and that the Act strictly prohibits a retailer from requesting a customer's ZIP code at any point in connection with a credit card transaction. For all of the reasons set forth in the Court's class certification order, the Court has rejected those arguments. Plaintiffs also dispute, as a factual matter, whether it was Nike's policy that cashiers requested ZIP codes only after giving credit card customers their receipts and merchandise.[2] Plaintiffs argue that under the software used by Nike, sales associates could request the ZIP code while the receipt was printing and before merchandise was handed to the customer, and thus that the request could take place during, rather than after, the transaction. Plaintiffs have submitted declarations from the named plaintiffs in which they state that Nike cashiers asked them for their ZIP codes before providing them their merchandise and receipts,[3] as well as deposition testimony by Nike employees stating that no written policy or training documents were provided to cashiers requiring that merchandise and receipt be tendered to the customer before the ZIP code request was made.

The Court concludes that there are disputes of material fact sufficient to defeat summary judgment on the named plaintiffs' claims. Although the technical specifications for the POS system state that "[a] new function will be created that when a trade transaction is complete, that is, when the receipt and tender have been exchanged between the cashier/associate and the customer, the cashier/associate will be prompted to ask the customer for their ZIP code," McKinley Decl. ¶ 3, Ex. A, the evidence before the Court shows that the POS system would prompt a cashier to request a ZIP code after "the receipt had started printing." McKinley Decl. ¶5. Thus, under the POS system in place during the relevant time period, it was possible for a cashier to request a customer's ZIP code prior to giving the customer his or her receipt and merchandise.

---

[2] At class certification, plaintiffs did not dispute that under Nike's policy cashiers were prompted to request ZIP codes after giving customers their receipts and merchandise, instead arguing that the timing of the request was irrelevant to liability.

[3] Defendants submit that in deposition, Ms. Hartman "could not remember whether Nike's alleged request for her ZIP code came before or after she had swiped her credit card and/or received her receipt or merchandise." Docket 103 at 15: 25-28, citing Brown Decl., Ex. 1, Hartman Depo. at 107:15-113:25.

The Court also finds that defendants have not met their burden to show by a preponderance of the evidence that they are entitled to the "bona fide error" defense under the Act's safe harbor provision, Cal. Civ. Code § 1747.08(e). Although defendants have submitted declarations from various Nike managers regarding the training that cashiers received, defendants have not submitted any evidence about the named plaintiffs' specific transactions. As a result, defendants have failed to establish that the individual violations alleged by the plaintiffs were "not intentional" and "resulted from a bona fide error made notwithstanding the defendant's maintenance of procedures reasonably adopted to avoid that error." *Id*.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES defendants' motion for summary judgment. Docket No. 103.

**IT IS SO ORDERED.**

Dated: May 8, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

4